CENTER FOR DISABILITY ACCESS
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385
Fax: (888) 422-5191
russ@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**,<br><br>    Plaintiff,<br><br>  v.<br><br>**City of Carlsbad;** and Does 1-10, Inclusive,<br><br>    Defendants. | Case No.: '20CV1107 BEN DEB<br><br>**Complaint for Injunctive Relief and Damages** for Violation of:<br><br>1. Title II of the American's With Disabilities Act, 42 U.S.C. §12131 *et seq.*; and<br>2. California's Disabled Persons Act, Cal. Civ. Code § 54 *et seq.* |

   Plaintiff Chris Langer complains of Defendants City of Carlsbad and Does 1-10, Inclusive and alleges as follows:

1

COMPLAINT

## INTRODUCTION

1. Plaintiff Chris Langer ("Plaintiff"), an individual with physical impairments who uses a wheelchair for mobility, brings the instant action alleging that Defendant City of Carlsbad ("City") and Does 1-10 inclusive ("Defendants") have discriminated against him on the basis of his disability in violation of federal and state anti-discrimination statutes.

2. Plaintiff alleges that Defendants have failed and/or refused to properly construct, alter, and/or maintain the public parking lots in Carlsbad Village so that they are accessible to, and usable by him as a person with physical disabilities.

3. As a result of Defendants' failure to ensure the accessibility and usability of the parking lots, Plaintiff has been, and will continue to be, denied full and equal access to Defendants' programs, services, and activities in Carlsbad Village, all to his damage.

4. Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to provide him "full and equal" access to the parking lots in Carlsbad Village as required by law. Plaintiff also seeks damages and reasonable attorneys' fees, costs, and litigation expenses for enforcing his civil rights.

## PARTIES

5. Plaintiff is, and at all times relevant herein was, an individual and California resident.

6. The City is, and at all times relevant herein was, a municipal corporation and political subdivision of the State of California.

7. Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend his Complaint when their true names, capacities, connections, and responsibilities are ascertained.

8. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

10. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and the same transactions, is also brought under California's Disabled Persons Act, which expressly incorporates the Americans with Disabilities Act. Cal. Civ. Code § 54(c).

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

12. Plaintiff has physical impairments due to paraplegia.

13. Plaintiff is significantly limited in his mobility and uses and requires a wheelchair for mobility,

14. Plaintiff uses and requires a modified van for transportation.

15. Plaintiff uses designated van accessible parking spaces when parking out in the community to accommodate his disability and modified vehicle.

16. In order for Plaintiff to have full and equal access to public parking facilities, those facilities must comply with federal and state accessibility standards.

17. Carlsbad Village is the City's downtown commercial district right off the Pacific Ocean. Carlsbad Village offers residents and visitors an array of eateries and shopping opportunities, as well as access to the beach.

18. The City owns and controls six public parking lots in Carlsbad Village (hereinafter "the Parking Lots"). The Parking Lots are located at or about 2787 State Street, 3000 Washington Street, 2898 State Street, 3044 State Street, 2938 Roosevelt Street and 2992 Roosevelt Street.

19. Plaintiff travels to and through Carlsbad Village often, to frequent local businesses and recreate with friends. On multiple occasions within the last three years Plaintiff has visited Carlsbad Village and personally encountered structural barriers to the Parking Lots that have prevented and deterred him from parking and using those lots.

20. For example, Plaintiff visited the lots located at or about 2938 Roosevelt Street and 2992 Roosevelt Street on March 17, 2020 in an attempt to find parking so that he could visit Beach Cities Smoothies. Plaintiff was unable to use the designated accessible parking spaces in those lots however, as none of them were equipped with access aisles. Frustrated, he left the area.

21. As another example, on June 15, 2019 Plaintiff visited the lot located at or about 3044 State Street in an attempt to find parking so that he could visit Carlsbad Pipelines and dine at Bluewater Grill. Plaintiff was unable to use the two designated accessible parking spaces provided in the lot, however, as neither of the spaces were equipped with access aisles. Frustrated, Plaintiff left the area and was forced to park in a pay parking lot operated by LAZ and located at or about 2973 Carlsbad Boulevard, where he was charged $12.  Had Plaintiff been able to park in the public lot at or about 3044, he would have been able to park for free.

22. The public parking lot at or about 2787 State Street has a total of nine public parking spaces, none of which are designated or configured for use by people with disabilities.

23. The public parking lot at or about 3000 Washington Street has a total of forty public parking spaces, none of which are designated or configured for use by people with disabilities.

24. The public parking lot at or about 2898 State Street has a total of twelve public parking spaces.  Although one designated accessible parking space is provided it is not signed or configured as a van accessible parking space. Additionally, cross slopes in both the space and access aisle exceed 2.08 percent and the signage provided is missing required language regarding towing and fines.

25. The public parking lot at or about 3044 State Street has a total of ninety public parking spaces. There should be four designated accessible parking spaces provided, however there are only two.  Neither of the designated accessible parking spaces are equipped with marked access aisles.  Neither of the designated accessible parking spaces are signed or configured for van use.  Slopes and cross slopes in both spaces exceed 2.08 percent. Signage provided for both spaces is missing required language regarding towing and fines. Additionally, the route to get from the designated accessible parking spaces to the nearest public right of way requires disabled persons to travel behind multiple parked cars.

26. The public parking lot at or about 2938 Roosevelt Street has a total of fifty five public parking spaces. There should be three designated accessible parking spaces provided, however there are only two. Neither of the designated accessible parking spaces are equipped with marked access aisles. Neither of the designated accessible parking spaces are signed or configured for van use. Neither space is identified with signage and both are faded and ill-maintained. Slopes and cross slopes in both spaces exceed 2.08 percent. Neither space is connected to the adjacent public right of way by an accessible route; the connected routes present slopes and/or cross slopes exceeding 2.08 percent.

27. The public parking lot at or about 2992 Roosevelt Street has a total of fifty five public parking spaces. There should be three designated accessible parking spaces provided, however there is only one. The one designated accessible parking space is not configured or signed for van use. The space has no access aisle, and lacks required signage (no ISA symbol, no required language regarding towing or fines). There are areas within the space that present a slope exceeding 2.08 percent. There is a gutter directly behind the space that presents slopes – both downwards and upwards - exceeding 8 percent.

28. The barriers described in paragraphs 20-27 violate federal and state accessibility standards.

29. The barriers described in paragraphs 20-27 render the Parking Lots inaccessible to wheelchair users.

30. The barriers described in paragraphs 20-27 render the Parking Lots unusable by wheelchair users.

31. The barriers described in paragraphs 20-27 continue to exist.

32. The non-compliant, inaccessible and unusable facilities of the Parking Lots have caused prevented and deterred Plaintiff from parking in the lots.

COMPLAINT

33. The non-compliant, inaccessible and unusable facilities of the Parking Lots have deterred Plaintiff from visiting Carlsbad Village.

34. The non-compliant, inaccessible and unusable facilities of the Parking Lots have caused Plaintiff to experience difficulty, distress, embarrassment, frustration, fear and anger.

35. The lack of compliance with applicable federal and state accessibility standards and in the Parking Lots is obvious and intuitive.

36. At all times relevant herein the City had the ability and means to properly designate and configure accessible parking spaces in the Parking Lots and ensure that those spaces were adjoined to an accessible route, but instead, they chose not to.

37. On information and belief, the City lacks policies and procedures to ensure that its public parking facilities are constructed and altered in compliance with federal and state accessibility standards.

38. On information and belief, the City lacks policies and procedures to ensure that its public parking facilities are maintained in compliance with federal and state accessibility standards.

39. As a result of the above-described barriers, Plaintiff has been denied full and equal access to and use of the Parking Lots and denied full and equal access to the City's parking services, programs and activities and to the businesses and amenities of Carlsbad Village.

40. Plaintiff complained about the Parking Lots' non-compliance with accessibility standards and requested, in writing, that the City remediate the Parking Lots to make them accessible to and usable by people with disabilities on May 22, 2020. The City failed and refused to act on or substantively respond to Plaintiff's complaint and request, prompting this lawsuit.

41. On information and belief, the Parking Lots have undergone construction and/or alteration since January 1, 1982, triggering applicability of California accessibility standards, California Code of Regulations, Title 24. Plaintiff is informed and believes, and on that basis alleges that the City has failed to comply with these standards.

42. On information and belief, the Parking Lots have undergone construction and/or alterations since January 26, 1992 triggering applicability of ADA Standards for Accessible Design (ADA Standards), 36 C.F.R. pt. 1191, appxs. B and D; 28 C.F.R. pt. 36, subpart D. Plaintiff is informed and believes, and on that basis alleges that the City has failed to comply with these standards.

43. Plaintiff alleges, on information and belief, that there are other barriers and discriminatory policies on and in effect in the Parking Lots that relate to his disability. Plaintiff has standing to challenge such additional barriers. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them). Plaintiff will amend his Complaint to plead these additional barriers once a noticed, expert-led site inspection can be conducted.

44. Plaintiff plans to continue to visit Carlsbad Village and patronize the businesses located there. Plaintiff plans to use the Parking Lots on these visits. Until the above-described barriers to the Parking Lots and discriminatory policies and procedures of the City are remedied, Plaintiff will continue to experience difficulty, discomfort, inconvenience, frustration and embarrassment and continue to be denied full and equal access to the City's parking services, programs and activities, all to his damage.

COMPLAINT

45. The nature of the City's discrimination, described herein, constitutes a continuing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

46. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct, will not afford adequate relief for the harm caused by the continuation of the wrongful conduct of the City and the denial of his civil rights as herein alleged. Accordingly, Plaintiff is entitled to injunctive relief.

## GOVERNMENT CLAIM FILED
*(With regard to claims for damages under California State Law)*

47. Plaintiff timely filed a claim pursuant to § 910 et seq. of the California Government Code with the City on or about May 22, 2020. The City denied the claim via correspondence dated June 15, 2020.

## FIRST CAUSE OF ACTION
### Title II of the Americans with Disabilities Act
### 42 U.S.C. § 12131 *et seq.*

48. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

49. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

50. Plaintiff is, and at all times relevant herein was, a person with a "disability" within the meaning of the ADA. 42 U.S.C. § 12102.

COMPLAINT

51. The City is a public entity within the meaning of the ADA. 42 U.S.C. § 12131(1).

52. The City has fifty (50) or more employees.

53. The provision and maintenance of the Parking Lots is a program, service, and/or activity of the City.

54. Plaintiff is, and at all times relevant herein was, a "qualified individual with a disability" within the meaning of Title II of the ADA. 42 U.S.C. § 12131(2). As a member of the public, Plaintiff meets the essential eligibility requirements to use the Parking Lots.

55. Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit and use of the Parking Lots, in violation of Title II and its implementing regulations. The Defendants' discriminatory conduct includes, *inter alia*:

   a. Failing and refusing to operate the Parking Lots so that they are "readily accessible to and usable by individuals with disabilities" (28 C.F.R. § 35.150(a));

   b. Failing and refusing to maintain in operable working condition those features of the Parking Lots that are required to be readily accessible to and usable by persons with disabilities (28 C.F.R. § 35.130(b)(7))

   c. Failing and refusing to design, construct, and/or alter the Parking Lots in a manner such that they are readily accessible to and usable by individuals with disabilities, when the construction/alteration was commenced after January 26, 1992 (28 C.F.R. § 35.151);

   d. Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public by and through the

COMPLAINT

  Parking Lots, on the basis of his disabilities (28 C.F.R. § 35.130(b)(1)(i));
  e. Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public by and through the Parking Lots that is not equal to that afforded his non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));
  f. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendants to members of the public by and through the Parking Lots (28 C.F.R. § 35.130(b)(1)(vii));
  g. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (28 C.F.R. § 35.130(b)(3)(i)); and
  h. Failing and refusing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of his disability (28 C.F.R. § 35.130(b)(7)).

56. Under Title II of the ADA Defendants were required to conduct a self-evaluation of its services, policies, and practices, and the effects thereof, by no later than January 26, 1993. 28 C.F.R. § 35.105(a).

57. On information and belief, as of the date of the filing of this Complaint, Defendants have failed to conduct a self-evaluation related to or including the Parking Lots.

58. Under Title II of the ADA Defendants were required to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the Parking Lots within

COMPLAINT

six months of January 26, 1992. 28 C.F.R. § 35.150(d)(1).

59.  On information and belief, as of the date of the filing of this Complaint, Defendants have failed to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the Parking Lots.

60.  Under Title II of the ADA Defendants were required to remove physical barriers that limit or deny people with disabilities access to its programs, services and activities by no later than January 26, 1995. 28 C.F.R. § 35.150(c).

61.  On information and belief, Defendants have failed, since the ADA was enacted and every year thereafter, to take appropriate measures to identify and remove barriers to the Parking Lots.

62.  Defendants' duties under Title II of the ADA pertaining to the accessibility of the Parking Lots are mandatory and long-established. Defendants had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was a willful and knowing decision and choice, and/or the product of deliberate indifference.

63.  Defendants were provided actual notice of the barriers to the Parking Lots and their discriminatory policies; the impact those barriers and discriminatory policies have on Plaintiff; and their duty to remove and modify such barriers and policies under Title II of the ADA and related state statutes. Despite this knowledge, Defendants have failed and refused to take any steps to remove the barriers, modify their policies or otherwise address Plaintiff's concerns. Defendants' failures in this regard constitute deliberate indifference.

64.  Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

COMPLAINT

## SECOND CAUSE OF ACTION
## California Disabled Persons Act
## California Civil Code § 54
### *(Statutory damages and attorneys' fees only)*

65. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

66. The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, … public facilities, and other public places." Cal. Civ. Code §54 (a).

67. A violation of the ADA is also a violation of the CDPA. Cal. Civ. Code, § 54(c).

68. Any person or persons, firm or corporation who denies or interferes with an individual's rights under Section 54 is liable for each offense. Cal. Civ. Code §54.3(a).

69. The Parking Lots are public facilities and/or public places as contemplated by the CDPA.

70. As the owners and or operators of the Parking Lots, Defendants are obligated to comply with the provisions of the CDPA.

71. Defendants are persons and/or corporations subject to California Civil Code section 54.3.

72. Defendants' acts and omissions, as herein alleged, have violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal access to the accommodations, advantages, facilities, and privileges of the Parking Lots, and consequently, to Carlsbad Village.

73. Defendants' acts and omissions, as herein alleged, have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's

13

COMPLAINT

rights to equal access arising from the provisions of the ADA (*see* Plaintiff's First Cause of Action).

74. Defendants' duties under the CDPA are mandatory and long established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

75. Defendants were provided actual notice of the barriers to the Parking Lots and their discriminatory policies; the impact those barriers and discriminatory policies have on Plaintiff; and their duty to remove and modify such barriers and policies under the CDPA and related state statutes. Despite this knowledge, Defendants have failed and refused to take any steps to remove the barriers, modify their policies or otherwise address Plaintiff's concerns. Defendants' failures in this regard constitute deliberate indifference.

76. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a). *<u>Note</u>: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the CDPA.*

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Issue an injunction pursuant to the ADA enjoining Defendants to remediate the Parking Lots and modify their discriminatory policies related to the construction, alteration and maintenance of the Parking Lots to comply with applicable accessibility standards;

b. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

COMPLAINT

   c. Award Plaintiff attorneys' fees, litigation expenses, and costs of suit, as provided by law; and

   d. Award such other and further relief as the Court may deem just and proper.

Dated: June 17, 2020   CENTER FOR DISABILITY ACCESS

     By: s/ Russell Handy
      Russell Handy, Esq.
      Attorneys for Plaintiff

COMPLAINT